Civil Action No. **1:10-cv-00701-JLK**

**KATHERINE FRANCIS,**
        Plaintiff
v.

**MEAD JOHNSON & COMPANY,**
        Defendant.

---

## ORDER ON MOTION TO STRIKE CLASS

---

Kane, J.

In this class action complaint, Plaintiff, on behalf of herself and other similarly situated persons, alleges that Defendant engaged in deceptive trade practices, breach of warranty, and unjust enrichment by falsely advertising that its infant formula product was the only product on the market that contained docosahexaenoic acid ("DHA") and arachidonic acid ("ARA"), lipid fatty acids clinically proven to promote brain and eye development in infants.

This matter is currently before me on Defendant's Motions to Strike (Docs. 8 and 18). Defendant seeks to strike Plaintiff's class allegations on the basis that the class will not be able to meet the prerequisites for class certification. In particular, Defendant contends that the class is not ascertainable because many of the members of the supposed class did not actually rely on the allegedly misleading statements, and thus were not injured. Therefore, Defendants assert these class members lack standing to bring the claim. Furthermore, Defendant argues that even if these class members have standing, class treatment is inappropriate because individual issues

of reliance predominate and each member will have to show causation and injury.  For the reasons set forth below, Defendant's motion is denied.

Pursuant to Fed. R. Civ. P. 12(f), I "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "'motion to strike is a drastic remedy,'"  however, and is "disfavored by the courts." *Thompson v. Kindred Nursing Ctrs*, E., L.L.C., 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla*., 306 F.2d 862, 868 (5th Cir. 1962)).  A motion to strike class allegations under Rule 12(f)  is even more disfavored because it requires a reviewing court to "preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991).  *See also In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 616 (N.D. Cal. 2007) (denying a Motion to Strike class allegations as premature); *Paikai v. Gen. Motors Corp.*, 2:07-0cv-00892, 2009 WL 275761, at *11 (E.D. Cal. Feb. 5, 2009) (stating that "the very purpose of allowing separate class certification proceedings" is to defer addressing potential problems with a proposed class to a later date).  Nonetheless, Defendant argues that failing to strike the class allegations at this stage will result in unnecessary prejudice.  Defendant's Motion to Strike Amended Complaint (Doc. 18) at 2.

To prevail at this stage of the proceedings, Defendant must "demonstrat[e] from the face of plaintiffs' complaint that it will be <u>impossible</u> to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove."  *Id.* at 1495 (emphasis added). Defendant has failed to meet this burden.  Although Defendant alleges the prerequisites to a class

action are not met because some members of the class may not have been harmed by Defendant's actions, class certification under Rule 23 requires neither that "all class members . . . suffer harm or threat of immediate harm nor Named Plaintiffs to prove class members have suffered such harm." *DG ex rel. Stricklin v. Davaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010). In addition, even at the class certification stage, courts must generally accept as true the allegations supporting certification and must not base their determination on whether the class will ultimately succeed in establishing each element necessary to prove its claims. *Id*.

Although both parties discuss the merits of class certification, it is neither appropriate nor necessary to address those issues at this time. *See Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23"). Defendant has failed to demonstrate that certification of Plaintiff's alleged class will be impossible. Accordingly, Defendant's Motions to Strike (Docs. 8 and 18) are DENIED.[1]

Dated: September 16, 2010

**/s/John L. Kane**
U.S. Senior District Judge

---

[1] Defendant has filed motions to strike class allegations in cases founded upon almost indistinguishable facts, and the courts addressing those motions have denied them as premature. Order on Motion to Strike at 5, *Nelson v. Mead Johnson Nutrition Co.,* No. 09-cv-61625-JIC (S.D. Fla. Mar. 17, 2009), Doc. No. 33 (stating that it is too early to "declare at this time that class certification is impossible"); *Weeks v. Mead Johnson Nutrition Co.,* No. 2:09-cv-5835-DSF (C.D. Cal. June 28, 2010), Doc. No. 67; Transcript of Oral Argument at 3, *Weeks v. Mead Johnson Nutrition Co.,* No. 2:09-cv-5835-DSF (C.D. Cal. June 28, 2010), Doc. 17-3 (motion to strike appears to be premature with regard to class allegations). I see no reason to differ from these decisions.